**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiffs )<br>v. )<br>)<br>DARRELL L. CANNON, )<br>)<br>Defendant. )<br>) | NO. 2:08-CR-29 PPS |

## OPINION AND ORDER

Defendant Darrell Cannon pled guilty to unlawful possession of a firearm by a felon. He requests a non-guideline sentence under *Booker*. After taking into account the various sentencing factors laid out in 18 U.S.C. § 3553, I have concluded that a sentence slightly below the guidelines is appropriate. His request is sustained in light of the nature and circumstances of the crime showing that Cannon possessed the gun for self-defense rather than for some more serious conduct, his demonstrated good character, the reduced risk of repeated offense, and a manifest acceptance of responsibility.

## BACKGROUND

Defendant Cannon pled guilty to being a felon in possession of a firearm that was recovered from an automobile that he was driving in Gary, Indiana. On April 1, 2007, he was observed by a Lake County Police Department officer driving a car at 54 mph in a 30 mph zone. The officer also noticed that Cannon was not wearing a seat belt and pulled Cannon over. Upon learning that Cannon was driving while suspended and that he had never received a valid driver's license, he arrested Cannon for driving without ever receiving a valid driver's license, in violation of Indiana Code Section 9-24-18-1. The officer performed an inventory search of

Cannon's vehicle and recovered a Bersa .380 caliber handgun from under the front passenger seat. The next day, Cannon admitted to ATF agents that the gun was his, and that he possessed the firearm for protection. This posed a problem because six years earlier Cannon had been convicted of the felony offense of robbery.

After being charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1),- Cannon filed a motion to suppress the handgun found in his vehicle. He argued that the evidence was discovered during an improper inventory search. At a suppression hearing held on June 26, 2008, the arresting officer described Cannon's arrest and also provided detailed testimony as to the police department's policy regarding vehicle inventory searches. Cannon's attorney made it clear after the hearing that if he lost the motion to suppress he would change his plea to guilty and thus avoid trial.

On July 14, 2008, Cannon's motion to suppress was denied. *See* July 14, 2008 Order [DE 24.] The motion hinged on whether the Lake County Police Department had an existing policy for inventory searches and whether the arresting officer's search was performed in accordance with those standard procedures. The Lake County Policy Department has no written policy for such inventory searches. However, I found the officer's testimony as to an existing, non-written policy to be very credible, especially in light of his position as a field training officer responsible for teaching department policies to new officers. Because the Fourth Amendment does not require inventory search policies to be written down, and because the Government was able to establish the existence of an inventory search policy within the Lake County Police Department, the gun recovered from the car was not suppressed.

True to his word, Cannon shortly thereafter changed his plea to guilty, without the benefit

of a plea agreement. The minimum sentencing guideline recommendation for Cannon was calculated to be a term of imprisonment of 41 months.[1] He received only two out of a possible three point reduction for acceptance of responsibility. The third point was only available if the Government filed a motion asking for such a reduction pursuant to U.S.S.G. § 3E1.1(b), which it did not do in light of Cannon's motion to suppress and his refusal to waive his right to appeal.

## DISCUSSION

The *Booker* decision has two parts to it. In the first part, the Court held that the Federal Sentencing Guidelines, promulgated pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, violated a defendant's right to a jury trial under the Sixth Amendment. This was so because the Guidelines required a judge to find facts that can increase a defendant's sentence beyond what could be imposed solely based on the jury's verdict. As a remedy, in the second part, a different majority of the Court severed two parts of the Act, 18 U.S.C. § 3553(b)(1), which made the guidelines mandatory, and 18 U.S.C. §3742(e), which mandated a *de novo* standard of review. With these modifications, the Court noted that "the Federal Sentencing Act . . . makes the Guidelines effectively advisory." *United States v. Booker*, 543 U.S. 220, 221 (2005).

*Booker* therefore requires a sentencing court to do two things: "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id*. at 224. At the same time, *Booker* requires district judges to take account of the factors set forth in § 3553(a). In addition to the guidelines themselves, the factors that the

---

[1] Originally, the Pre-Sentence Investigation Report calculated Cannon's minimum sentence to 51 months. However, Cannon objected to the computation of his criminal history, and the Government agreed with the defendant. So his sentencing guideline calculation was lowered to a minimum of 41 months.

Court must now consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); (2) the kinds of sentences available, § 3553(a)(3); (3) the sentencing range established for the applicable category of offense committed by the applicable category of defendant, § 3553(a)(4); (4) the pertinent Sentencing Commission policy statements, § 3553(a)(5); (5) the need to avoid unwarranted sentencing disparities, § 3553(a)(6); (6) the need to provide restitution to victims, § 3553(a)(7); and (7) the need for judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care, § 3553(a)(2).

In the present case, after carefully considering all of the evidence presented and thoroughly reviewing the PSR, I concluded that a variation from the guideline range was in order, and that a sentence of 35 months in prison – six months less than what was called for by the guidelines – is sufficient but not greater than necessary to meet the statutory purposes of sentencing. There are three reasons why a slight reduction from the Guideline range is appropriate.

First, I am convinced that Cannon possessed the gun for personal protection and nothing more. There is nothing in this case that suggests an intent by Cannon to use the gun in any untoward way. In particular, there is no indication that Cannon meant to use the gun as a tool to carry out a drug deal or some other illegal enterprise. The evidence is to the contrary; Cannon's written and oral statements provided for sentencing credibly describe various instances in which Cannon and his loved ones were victimized by violent crime. This certainly does not excuse his folly in possessing a firearm after being convicted of a felony, but it does weigh in his favor

4

when I examine the nature and circumstances of his offense, as well as his history and character. *See* 18 U.S.C. § 3553(a)(1). It also discounts, albeit slightly, the seriousness of the offense, *see* § 3553(a)(2)(A), and the need to protect the public from further crimes of the defendant, *see* § 3553(a)(2)(c), since there was no apparent intent to commit further mischief other than the crime of possession itself.

Second, the evidence shows that Cannon was a serious student, obtaining dean's list status at Indiana University before being forced to leave school because of financial difficulties. He has also shown himself to be a devoted father, maintaining involvement in his children's schooling. And I have also received a number of letters from Cannon's young nieces and nephews, all of which consistently speak towards his role as a positive figure in their lives. All of this weighs positively towards his history and character. *See* 18 U.S.C. § 3553(a).

Third, Cannon's acceptance of responsibility also militates in his favor with respect to his character and the risk of repeated offense. Cannon did not come close to bringing this case to trial. He quickly admitted to agents that the gun belonged to him and formally changed his plea to guilty well before the trial date. The only source of delay and expense associated with this case is his filing of a motion to suppress. But this issue was isolated and not particularly complex. Moreover, the arguments raised in the motion to suppress were colorable. The Government's case rested almost solely on its ability to demonstrate the existence of a non-written, standard Lake County Police Department inventory search policy. This, in many respects, boiled down to the credibility of the arresting officer. Cannon's pursuit of this defense was perfectly legitimate and did not overly tax the Government or this Court to address.

It is true that for purposes of the sentencing guidelines, Cannon was ineligible to receive

5

a third reduction point for acceptance of responsibility because the Government chose not to file a motion under U.S.S.G. § 3E1.1(b), and we know from the application notes to that section that the additional point for acceptance of responsibility may "only be granted upon formal motion by the Government at the time of sentencing." *See* § 3E1.1, Application Note 6. So a government motion is a prerequisite to receiving the third point. An exception to that is if the government's refusal was 1) animated by an unconstitutional motive or 2) not rationally related to a legitimate Government end. This test was first created to review a Government's refusal to file a downward departure motion based on substantial-assistance under § 5K1.1, *see Wade v. United States*, 504 U.S. 181, 185-86 (1992), and has since been extended in other circuits to refusals to file acceptance of responsibility motions under § 3E1.1. *See United States v. Espinoza-Cano*, 456 F.3d 1126, 1136 (9th cir. 2006); *United States v. Newsom*, 515 F.3d 374, 378 (5th Cir. 2008)*; United States v. Moreno-Trevino*, 432 F.3d 1181, 1185-86 (10th Cir. 2005).

That was not the case here. The government cited to the fact that Cannon pursued a motion to suppress and refused to sign a plea agreement early on in this case which contained an appeal waiver and so the government fears that it may have to defend an appeal. The Fifth Circuit has held that this latter point is a permissible reason for the government to refuse to move for the third point reduction. *Newsom*, 515 F.3d at 378. This is a sensible approach, and so in the initial calculation of the sentencing guidelines that *Booker* mandates, Cannon was not entitled to the extra point reduction under § 3E1.1(b).

But the Guidelines are advisory and I am free to disregard them if I believe it is appropriate to do so under the particular facts of the case. Indeed, under *Kimbrough v. United States*, 128 S.Ct. 558 (2007), I am free to disagree with a particular recommendation of the

6

Sentencing Commission provided I observe all other relevant statutes. *United States v. Alldredge*, 2008 WL 5382638, *2 (7th Cir. Dec. 29, 2008). So while the Government was entirely within its rights to not move for the one point reduction under § 3E1.1(b), there is no reason, in a post-*Booker* world, not to apply Cannon's demonstrated acceptance of responsibility towards the § 3553(a) factors where appropriate.

Other courts have done so under similar conditions. In particular, the Third Circuit has agreed that the guidelines' provisions on acceptance of responsibility do not preclude a district court from factoring a defendants' acceptance and cooperation as part of its § 3553(a) analysis. *United States v. Severino*, 454 F.3d 206, 211 (3rd Cir. 2006)(citing *United States v. Gatewood*, 438 F.3d 894, 897 (8th Cir.2006); *United States v. Lake*, 419 F.3d 111, 114 (2d Cir.2005); *United States v. Milne,* 384 F.Supp.2d 1309, 1312 (E.D.Wis.2005)). Other district courts within this circuit have followed this approach. *See United States v. Ochoa-Ramos*, 2008 WL 2062341, * 3 (E.D.Wis. May 13, 2008)(noting that the court can "consider cooperation as a sign of positive character development and/or acceptance of responsibility beyond that reflected in the § 3E1.1 reduction."); *United States v. Wachowiak*, 412 F.Supp.2d 958, 963 (E.D.Wis. 2006)(explaining that the reduction under § 3E1.1 "did not sufficiently account for defendant's sincere expression of remorse and demonstration of insight into his condition" and that "this reflects not only a reduced risk of re-offending but also positive character development"); *Milne*, 384 F.Supp.2d at 1312("courts may grant additional consideration to defendants who demonstrate acceptance beyond that necessary to obtain a two or three level reduction under § 3E1.1" because "such conduct bears directly on their character, § 3553(a)(1), and on how severe a sentence is necessary to provide deterrence and punishment, § 3553(a)(2)").

Cannon earnestly accepted responsibility for his action, and expressed sincere remorse. Although he attempted to enforce what he saw as a violation of his Fourth Amendment Constitutional rights, this is not necessarily inconsistent with a true expression of contrition. So for this reason, and for the other reasons outline above, I believe that a slight deviation below the guidelines is warranted.

## **CONCLUSION**

For the reasons stated above, Cannon's request for a non-guideline sentence is **GRANTED.** In my judgment, a sentence of 35 months is just and meets the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a).

**SO ORDERED.**

**ENTERED**:   January 14, 2009

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT